UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MARTIN LEE FOSTER, | No. 2:25-cv-2571 CSK P |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| WENDY CORELL, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff is a former county prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

As discussed below, plaintiff's complaint is dismissed with leave to amend.

## II. SCREENING STANDARDS

The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

     A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

     Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**III. DISCUSSION**

     The only named defendant is Wendy Corell, a Sacramento County Parole Officer. (ECF No. 1 at 1.) Plaintiff claims that defendant Corell improperly transferred plaintiff to another county without filing a motion with a judge, which is required before a probationer can be

transferred to another county or city to reside in during the parole term. (Id. at 2.) Plaintiff claims that the "transferring court" must consider certain factors when determining whether transfer is appropriate, including the permanency of the probationer's residence, the availability of programs for the offender, restitution orders, and victim issues. (Id.) Plaintiff claims that on September 22, 2022, defendant Corell escorted plaintiff to a vehicle to transport plaintiff to Salinas, California. (Id.) Plaintiff was unprepared and traveled only with the clothes on his back and without the aid of a caregiver, which was "necessary for bone on bone of the hip joint" (Id.) Plaintiff had to survive several months in an unfamiliar city with conditions that prohibited plaintiff from returning to Sacramento, his original city. (Id.) As his legal claim, plaintiff alleges improper transfer in violation of "Section 475." (Id. at 1.) Plaintiff seeks money damages. (Id. at 4.)

In order to state a claim under Section 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988). This Court does not know what law plaintiff refers to in his claim that defendant Corell violated "Section 475." Accordingly, plaintiff's complaint is dismissed because plaintiff fails to allege a violation of his rights under the Constitution or the laws of the United States. If plaintiff files an amended complaint, plaintiff shall clarify his legal claim against defendant Corell.

This Court observes that the complaint refers to defendant Corell as a parole officer. The complaint also refers to plaintiff as a probationer. If plaintiff files an amended complaint, plaintiff shall clarify whether plaintiff was on parole or probation at the time of the alleged deprivations. If plaintiff was on probation at the time of the alleged deprivations, plaintiff shall clarify whether defendant Corell is a probation or parole officer.

**IV. LEAVE TO AMEND**

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named

3

defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is granted.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of

///

///

1 | this action.
2 |
3 | Dated: November 10, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8 | Fost2571.14/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER,<br><br>        Plaintiff,<br><br>   v.<br><br>WENDY CORELL,<br><br>        Defendant. | No.  2:25-cv-2571 CSK P<br><br>NOTICE OF AMENDMENT |

    Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐    Amended Complaint
(Check this box if submitting an Amended Complaint)

DATED:

                                                              _____
                                                              Plaintiff