UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN LEE FOSTER,

　　　　　Plaintiff,

　　v.

WENDY CORRELL,

　　　　　Defendant.

No.  2:25-cv-2571 WBS CSK P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a county prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's motion for reconsideration of the order dismissing this action. (ECF Nos. 10.)  On May 19, 2026, the district court referred this motion to the undersigned.  (ECF No. 11.)  This Court construes plaintiff's motion for reconsideration as a request for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and, for the reasons that follow, recommends that this request be denied.

I.　　**LEGAL STANDARD FOR REQUEST FOR RELIEF FROM JUDGMENT**

Federal Rule of Civil Procedure 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

1

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing part;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be brought within a reasonable time and, for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding.  Fed. R. Civ. P. 60(c)(1).  "'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'"  Odish v. Cognitive Code, 2015 WL 13917147, at *2 (C.D. Cal. July 20, 2015) (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)).  A party seeking relief under Rule 60(b) bears the burden of showing relief is warranted.  See id.

## II.     DISCUSSION

On November 10, 2025, this Court granted plaintiff's application to proceed in forma pauperis and dismissed plaintiff's complaint with thirty days to file an amended complaint  (ECF No. 5.)  Thirty days passed from November 10, 2025 and plaintiff did not file an amended complaint  (See docket.)  On December 19, 2025, this Court recommended that this action be dismissed for failure to prosecute based on plaintiff's failure to file an amended complaint.  (ECF No. 7.)  Plaintiff did not file objections to the December 19, 2025 findings and recommendations.  (See docket.)  On January 14, 2026, the district court adopted the December 19, 2025 findings and recommendations and dismissed this action for plaintiff's failure to prosecute, and judgment was entered. (ECF Nos. 8, 9.)

On February 2, 2026, plaintiff filed the pending request for relief from judgment.  (ECF No. 10.)  The grounds of the request for relief from judgment appear to be that plaintiff submitted an amended complaint with his in forma pauperis application.  (Id. at 1.)  Plaintiff filed in forma pauperis applications on October 24, 2025 and November 12, 2025.  (ECF Nos. 4, 6.)  Plaintiff

2

did not attach an amended complaint to either in forma pauperis application.  (ECF Nos. 4, 6.)  In addition, both in forma pauperis applications were signed by plaintiff before the filing of the November 10, 2025 order dismissing his complaint with leave to amend  (ECF No. 4 at 2; ECF No. 6 at 2.)  In the pending request for relief from judgment, plaintiff does not address why he failed to respond to the November 10, 2025 order dismissing his complaint with leave to amend or the December 19, 2025 findings and recommendations recommending dismissal of this action for failure to prosecute.  Based on plaintiff's failure to adequately explain his failure to prosecute this action, this Court finds that plaintiff did not meet his burden of demonstrating that the judgment should be vacated.

**III.    CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for reconsideration (ECF No. 10), construed as a request for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 20, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Fost2571.fr/2

3